# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARC WATERMAN, | : | Case No. _____ |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| v. | : : | **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| REALPAGE, INC., STEPHEN T. WINN, ALFRED R. BERKELEY, III, PETER GYENES, SCOTT S. INGRAHAM, DANA JONES, CHARLES F. KANE, JEFFREY T. LEEDS, and JASON A. WRIGHT, | : : : : : : | |
| Defendants. | : | |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1.  On December 20, 2020, RealPage, Inc. ("RealPage" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by affiliates of Thoma Bravo, L.P.: Mirasol Parent, LLC ("Parent") and Mirasol Merger Sub, Inc. ("Merger Sub," and together with Parent, "Mirasol") (the "Proposed Merger").

2.  Under the terms of the Merger Agreement, RealPage's stockholders will receive $88.75 per share in cash.

3.  On January 19, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.  As alleged herein, the Proxy omits material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is, and has been continuously throughout all relevant times, the owner of RealPage common stock.

9. Defendant RealPage is a Delaware corporation. RealPage's common stock is traded on the NASDAQ under the ticker symbol "RP."

10. Defendant Stephen T. Winn is Chief Executive Officer and Chairman of the Board of Directors (the "Board") of the Company.

11. Defendant Alfred R. Berkeley, III is a member of the Board.

12. Defendant Peter Gyenes is a member of the Board.

13. Defendant Scott S. Ingraham is a member of the Board.

14. Defendant Dana Jones is a member of the Board.

15. Defendant Charles F. Kane is a member of the Board.

16. Defendant Jeffrey T. Leeds is a member of the Board.

17. Defendant Jason A. Wright is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are collectively referred to as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. RealPage provides a technology platform for real estate owners and managers.

20. On December 20, 2020, RealPage entered into the Merger Agreement, under which RealPage's stockholders will receive $88.75 per share in cash.

21. The press release announcing the Proposed Merger states as follows:

RealPage, Inc. (NASDAQ: RP), a leading global provider of software and data analytics to the real estate industry, today announced it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading private equity investment firm focused on the software and technology-enabled services sector, in an all-cash transaction that values RealPage at approximately $10.2 billion, including net debt.

Under the terms of the agreement, RealPage stockholders will receive $88.75 in cash per share of RealPage common stock upon closing of the transaction. The purchase price represents a premium of 30.8% over RealPage's closing stock price of $67.83 on December 18, 2020, a premium of 36.5% over RealPage's 30-day volume-weighted average share price through that date, and a premium of 27.8% over RealPage's all-time high closing stock price of $69.47 on December 7, 2020. The RealPage Board of Directors has unanimously approved the agreement with Thoma Bravo and recommends that RealPage stockholders vote in favor of the transaction at the special meeting of RealPage stockholders to be called in connection with the transaction.

Upon completion of the transaction, RealPage expects to continue operating under the leadership of Chairman and CEO Steve Winn and the existing RealPage leadership team based in Richardson, Texas.

"We believe this transaction will provide immediate and substantial value to RealPage stockholders, reflecting the tremendous work that our employees have done to build this company. I am immensely proud of that work and also pleased that the transaction will provide us the opportunity to work with Thoma Bravo, a firm with tremendous software investment and operational capabilities. This will enhance our ability to focus on executing our long-term strategy and delivering even better products and services to our clients and partners," commented Steve Winn, Chairman of the Board and Chief Executive Officer of RealPage.

"RealPage's industry leading platform is critical to the real estate ecosystem and has tremendous potential going forward," said Orlando Bravo, Founder and a Managing Partner of Thoma Bravo. "Our firm has a track record of acquiring cutting edge software providers to specialized industries and driving their innovation and growth while remaining true to their core business and customers. Together, RealPage and Thoma Bravo can partner to grow the company's market offerings and enhance its current capabilities to capitalize on the increasingly complex and expanding real estate market."

"We are thrilled to partner with Steve and the RealPage team at this exciting milestone in the company's journey," said Scott Crabill, a Managing Partner at Thoma Bravo. "As technology transformation takes on increasing importance in the real estate industry, RealPage's diverse and innovative portfolio of products and solutions puts the company in prime position to accelerate its market leadership. We look forward to applying Thoma Bravo's operational and investment expertise in software to help drive RealPage's continued growth and identify attractive M&A opportunities."

Transaction Details

Closing of the transaction is subject to customary conditions, including approval by the holders of a majority of the outstanding shares of RealPage common stock, expiration or early termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and receipt of other required regulatory approvals. A special meeting of RealPage stockholders will be held in early 2021, following the filing of a definitive Proxy with the U.S. Securities and Exchange Commission. Mr. Winn and certain affiliated entities, which collectively own approximately 10% of the outstanding shares of RealPage common stock, have entered into a voting agreement with Thoma Bravo pursuant to which they have agreed, among other things, to vote their shares of RealPage common stock in favor of the merger, and against any competing transaction, so long as, among other things, the RealPage Board of Directors continues to recommend that RealPage stockholders vote in favor of the merger.

Consistent with the Board's commitment to maximizing stockholder value, under the terms of the definitive merger agreement, RealPage's Board of Directors and advisors may actively initiate, solicit and consider alternative acquisition proposals during a 45-day "go shop" period. RealPage has the right to terminate the merger agreement to accept a superior proposal during the go-shop period, subject to the terms and conditions of the merger agreement. There can be no assurances that this process will result in a superior proposal, and RealPage does not intend to disclose developments with respect to this solicitation process unless and until RealPage's Board of Directors makes a determination requiring further disclosure.

The parties expect the transaction to close in the second quarter of 2021. Upon completion of the transaction, RealPage will become a privately held company, and

its common stock will no longer be listed on the NASDAQ stock market.

BofA Securities is acting as financial advisor to RealPage, and Wachtell, Lipton, Rosen & Katz is acting as its legal counsel. Financing for the transaction is being provided by Goldman Sachs & Co. LLC. Goldman Sachs & Co. LLC is also serving as financial advisor to Thoma Bravo, and Kirkland & Ellis LLP is serving as its legal counsel.

22. On January 19, 2021, defendants filed the Proxy with the SEC, which omits material information regarding the Proposed Merger.

### Financial Projections

23. The Proxy fails to disclose material information regarding the Company's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

24. The Proxy fails to disclose:

(i) The line items used to calculate adjusted EBITDA and unlevered free cash flow; and

(ii) A reconciliation of the non-GAAP to GAAP metrics.

### Financial Analyses

25. The Proxy fails to disclose material information regarding the analyses performed by BofA Securities, Inc. ("BofA"), the Company's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. The Proxy fails to disclose the following regarding BofA's Discounted Cash Flow Analysis:

(i) Unlevered free cash flows and all line items used to calculate unlevered free cash flows;

(ii) The terminal values;

(iii) The inputs and assumptions underlying the discount rates and perpetuity growth rates used by BofA;

(iv) Net debt; and

(v) The number of fully-diluted shares outstanding.

27. The Proxy fails to disclose the following regarding BofA's research analyst price targets analysis:

(i) The price targets observed; and

(ii) The sources of the price targets.

### Background of the Merger and Potential Conflicts of Interest

28. The Proxy fails to disclose whether RealPage entered into any nondisclosure agreements that contained standstill and/or don't ask, don't waive provisions.

29. The Proxy also fails to disclose the timing and nature of any communications regarding the future employment and/or directorship of RealPage's officers and/or directors, including who participated in all of the communications.

30. If disclosed, the omitted information would significantly alter the total mix of information available to RealPage's stockholders.

# COUNT I

**Claim Against the Individual Defendants and RealPage for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33. RealPage is liable as the issuer of these statements.

34. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.

35. Due to their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with the materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants
for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of RealPage within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of RealPage and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: February 18, 2021 | **RIGRODSKY LAW, P.A.** |
| | By: */s/ Gina M. Serra* |
| | Seth D. Rigrodsky (#3147) |
| | Gina M. Serra (#5387) |
| | Herbert W. Mondros (#3308) |
| **OF COUNSEL:** | 300 Delaware Avenue, Suite 210 |
| | Wilmington, DE 19801 |
| **GRABAR LAW OFFICE** | Telephone: (302) 295-5310 |
| Joshua H. Grabar | Facsimile: (302) 654-7530 |
| One Liberty Place | Email: sdr@rl-legal.com |
| 1650 Market Street, Suite 3600 | Email: gms@rl-legal.com |
| Philadelphia, PA 19103 | Email: hwm@rl-legal.com |
| Telephone: (267) 507-6085 | |
| Email: jgrabar@grabarlaw.com | *Attorneys for Plaintiff* |